# Gresh, Appellant, v. Wanamaker.

*Negligence—Principal and agent—Authority of agent—Contractual duty—Burden of proof—Automobiles.*

In an action against the proprietors of a general store to recover for personal injuries caused by the upsetting of an automobile which was driven by an employee of the defendants, binding instructions for the defendant are proper, where it appears that the defendants maintained in connection with their general retail business a department for selling and repairing automobiles and sent men out to bring in automobiles to be repaired and to deliver them when repaired, but did not undertake to carry persons as passengers; and that in response to a request of the plaintiff made to a personal friend employed in another department of the defendant's store that he send her a competent man to repair her automobile, which was broken down, and to run it back to the city with her as passenger, the defendant's automobile department sent a man who made the repairs and was running the car back when the accident occurred; but there is no testimony that the person with whom plaintiff dealt directly had any authority. in connection with the automobile department, or that the manager of that department had authority, real or apparent, to contract to bring her back, or that the latter made or was requested to make any such contract.

Argued March 19, 1912.   Appeal, No. 38, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 3616, for defendant non obstante veredicto in case of Dora A. Gresh v. John Wanamaker, L. Rodman Wanamaker and Robert C. Ogden, Survivors of Thomas B. Wanamaker, deceased, co-partners, trading as John Wanamaker.   Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass for personal injuries.   Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the case,

For previous report of the case, see 221 Pa. 28,

The jury rendered a verdict in favor of the plaintiff for $5,000. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant.

*Henry J. Scott*, with him *J. S. Freemann*, for appellant.

*W. W. Smithers*, for appellee.

PER CURIAM, July 2, 1912:

This appeal is from an order entering judgment for the defendants, non obstante veredicto, in an action by the plaintiff to recover for injuries caused by the upsetting of her automobile, which at the time was driven by an employee of the defendants. The plaintiff's automobile had been left by her because of a broken chain at Caln Station, some thirty-seven miles west of Philadelphia. On the morning of the accident, she telephoned John A. Bunn, a personal friend, who was the manager of the bureau of adjustment of accounts in the defendant's store and requested him to send her a competent man to repair the automobile and to run it back to the city with her as a passenger. The request for a man to make repairs was complied with by the automobile department of the defendant's store, the repairs were made and on the return to the city, the machine was upset and the plaintiff was injured. The ground of her action was that the defendants contracted to transport her in safety from Caln Station to Philadelphia, and that by reason of the negligence of their employee she was injured.

The defendants maintained, in connection with their general business as retail merchants, a department for selling and repairing automobiles and they sent men out to bring in automobiles to be repaired and to de-

liver them when repaired, but they did not undertake to carry persons as passengers. With this department Mr. Bunn had no connection whatever, and there was no ground for the implication of authority in him to do anything in connection therewith. Giving to the plaintiff's testimony the greatest force that can be claimed for it, she did not show that either Mr. Bunn or the manager of the automobile department had authority, real or apparent to contract to bring her back to the city nor that the latter made or was requested to make such a contract.

The judgment is affirmed.